UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jonathan Muñoz,<br><br>                Plaintiff,<br><br>   v.<br><br>U-Haul International, Inc., et al.,<br><br>                Defendants. | Case No. 2:20-cv-01412-GMN-BNW<br><br>**ORDER** |

Presently before the Court is Plaintiff Jonathan Muñoz's motion to amend. ECF No. 6. Muñoz moves to proceed *in forma pauperis*. ECF No. 1. Muñoz submitted the affidavit required by 28 U.S.C. § 1915(a) and LSR 1-1, showing an inability to prepay fees or costs or give security for them. *Id*. Muñoz's request to proceed *in forma pauperis,* therefore, will be granted. The Court now screens Muñoz's amended complaint (ECF No. 6) as required by 28 U.S.C. § 1915(e)(2).

For the reasons discussed below, Muñoz fails to sufficiently allege any basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. Therefore, the Court will deny Muñoz's amended complaint without prejudice and with leave to amend.

**I.  BACKGROUND**

Muñoz filed a complaint under two Nevada statues against U-Haul International, Inc. ("U-Haul"), Storage @ Summerlin Lake Mead ("Storage"), and Repwest Insurance Company ("RIC").[1] ECF No. 1-1 at 2-4. Muñoz seeks a declaration that the arbitration agreement he

---

[1] Muñoz brings this action based on NRS 597.995 and NRS 686A.310, which govern arbitration agreements and insurance settlements. Nev. Rev. Stat. § 597.995, § 686A.310.

entered into with U-Haul is unenforceable. *Id*. at 3. Muñoz also alleges Defendants misrepresented his insurance coverage. *Id*. at 4-5. Muñoz seeks damages for stolen property, which is not covered by Muñoz's insurance policy. *Id*. at 4.

Judge Navarro previously reviewed Muñoz's first complaint and found that this Court appears to lack jurisdiction. ECF No. 4. Judge Navarro noted that Muñoz alleges that the Court has diversity jurisdiction, but Muñoz also alleges there is not complete diversity of citizenship between the parties. *Id*. This is so because Muñoz alleges that both Muñoz and Defendant Storage are citizens of Nevada. *Id*. Judge Navarro ordered Muñoz to file a notice explaining how this Court has subject matter jurisdiction or a notice of voluntary dismissal. *Id*. Muñoz then filed an amended complaint to address subject matter jurisdiction. ECF No. 6. Muñoz now appears to allege that the Court has both diversity jurisdiction and federal question jurisdiction. *See id.* at 1.

## II.  DISCUSSION

### A.  Subject Matter Jurisdiction

#### 1.  Diversity Jurisdiction

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Inv., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004).

A corporation is a citizen of a state where (1) it is incorporated, and (2) where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Principal place of business "refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities . . . which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

In his amended complaint, Muñoz alleges that "U-Haul and [RIC] are domiciled within the State of Arizona." ECF No. 6 at 3. Muñoz does not address Defendant Storage's citizenship. *See id*.

Here, Muñoz is a citizen of Nevada, and therefore, he is required to show that each defendant is a citizen outside of Nevada to establish diversity jurisdiction. *See* ECF No. 4 at 1; ECF No. 1-1 at 1-2. Specifically, Muñoz must show that each defendant is incorporated outside of Nevada and has its principal place of business outside of Nevada because each defendant is a corporation. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78.

Muñoz has not demonstrated that this Court has diversity jurisdiction. While Muñoz alleges that U-Haul and RIC are domiciled in Arizona, he fails to show that they are incorporated outside of Nevada and have their principal place of business outside of Nevada. *See* ECF No. 6 at 3. Furthermore, Muñoz did not address Storage's citizenship in his amended complaint. *See id*. Therefore, the Court cannot conclude that Muñoz is a citizen of a different state than each defendant. Additionally, Muñoz has not alleged that there is more than $75,000 in controversy in his amended complaint. *See id*. Therefore, Plaintiff has not sufficiently alleged that the Court has diversity jurisdiction.

**2. Federal Question Jurisdiction**

Federal district courts have "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

However, Muñoz's amended complaint does not allege any claims under a federal statute, the Constitution, or a United States treaty. *See* ECF No. 6. Muñoz's amended complaint broadly suggests that existing federal insurance statutes do not adequately protect consumers. *See id.* at 4-5. And while Muñoz suggests more consumer protection is needed to protect fundamental rights, Muñoz does not state how defendants violated his rights under any existing federal law. *See id.* Therefore, Muñoz fails to sufficiently allege any basis for federal question jurisdiction. *See* 28 U.S.C. § 1331.

If Muñoz wishes to further amend, he must explain why this Court has subject matter jurisdiction. Muñoz must show (1) that he is a citizen of a different state than each defendant, or (2) that he is moving under a federal statute, the Constitution, or a United States treaty.

## B. Amendment

Muñoz is advised that if he files an additional amended complaint, the first amended complaint (ECF No. 6) no longer serves any function in this case. As such, if Muñoz files a second amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The Court cannot refer to a prior pleading or to other documents to make plaintiff's second amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Muñoz's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.  Muñoz will not be required to pay the filing fee in this action. Muñoz is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

IT IS FURTHER ORDERED that the clerk of court must file Muñoz's amended complaint (ECF No. 6).

IT IS FURTHER ORDERED that Muñoz's motion to amend (ECF No. 6) is DENIED without prejudice.

IT IS FURTHER ORDERED that if Muñoz's wishes to amend his complaint, he must do so by November 13, 2020. A failure to file an amended complaint by this deadline will result in a recommendation that this case be dismissed.

DATED: October 14, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE