UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jonathan Muñoz,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U-Haul International, Inc., et al.,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-01412-GMN-BNW<br><br>**ORDER** |

Presently before the Court is Plaintiff Jonathan Muñoz's motion to extend time to file an amended complaint. ECF No. 13.

## I. BACKGROUND

Muñoz originally filed a complaint under two Nevada statues against U-Haul International, Inc. ("U-Haul"), Storage @ Summerlin Lake Mead ("Storage"), and Repwest Insurance Company ("RIC").[1] ECF No. 1-1. Muñoz sought a declaration that the arbitration agreement he entered into with U-Haul is unenforceable. *Id*. at 3. Muñoz also alleged that Defendants misrepresented his insurance coverage and sought damages for stolen property, which is not covered by Muñoz's insurance policy. *Id*. at 4-5.

Judge Navarro previously reviewed Muñoz's first complaint and found that this Court appeared to lack jurisdiction. ECF No. 4. Judge Navarro noted that Muñoz alleged that the Court has diversity jurisdiction, but Muñoz also alleged there is not complete diversity of citizenship between the parties. *Id*. This is so because Muñoz alleged that both Muñoz and Defendant Storage are citizens of Nevada. *Id*. Judge Navarro ordered Muñoz to file a notice explaining how this Court has subject matter jurisdiction or a notice of voluntary dismissal. *Id*.

---

[1] Muñoz brings this action based on NRS 597.995 and NRS 686A.310, which govern arbitration agreements and insurance settlements. Nev. Rev. Stat. § 597.995, § 686A.310.

1   Muñoz then filed an amended complaint to address subject matter jurisdiction. ECF No. 6.
2   In that complaint, he appeared to allege that the Court had both diversity jurisdiction and federal
3   question jurisdiction. *See id.* at 1. This Court screened that complaint (as Muñoz is proceeding *in*
4   *forma pauperis*) and found that Muñoz failed to establish either diversity jurisdiction or federal
5   question jurisdiction. ECF No. 7. Accordingly, the Court dismissed Muñoz's complaint but gave
6   him until November 13, 2020 to amend his complaint, if he could. *Id.*

7   Muñoz did not amend his complaint by November 13, 2020. On December 9, 2020, this
8   Court issued a report and recommendation that this case be dismissed, as it appeared Muñoz had
9   abandoned it. ECF No. 9. However, a few days later, Muñoz objected to the report and
10  recommendation, essentially stating that he did not receive the Court's order with the November
11  13, 2020 deadline. *See* ECF No. 10. Accordingly, the Court issued another order, stating that it
12  would vacate its report and recommendation if Muñoz filed an amended complaint by January 5,
13  2021. ECF No. 11.

14  On January 6, 2021, Muñoz filed an amended complaint and a motion to extend the
15  deadline for him to file his amended complaint by one day. ECF Nos. 12, 13.

16  **II. DISCUSSION**

17  **A. Muñoz's Motion to Extend Time (ECF No. 13)**

18  Muñoz filed his amended complaint one day after the Court's deadline and seeks
19  permission for this one-day extension at ECF No. 13. Under Local Rule 26-4, a request to extend
20  a deadline that has already passed will not be granted unless the movant shows good cause and
21  excusable neglect. "There are at least four factors in determining whether neglect is excusable: (1)
22  the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact
23  on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."
24  *Wilson v. Wal-Mart Stores, Inc.*, No. 2:13-CV-00207-RFB-PA, 2015 WL 926959, at *3 (D. Nev.
25  Mar. 4, 2015).

26  Here, the Court finds that Muñoz has demonstrated good cause and excusable neglect for
27  his late filing and will grant him a one-day extension. First, there is no danger of prejudice to the
28  opposing party, as no defendants have appeared in this case yet. Second, the delay was only one

day and had little impact on the proceedings. Third, Muñoz provided an understandable (and uncontrollable) reason for the delay. Muñoz states that he filed his complaint one day late because of a family emergency. ECF No. 13 at 2. It appears that Muñoz's sister was at the hospital with one of her children, and Muñoz needed to watch his sister's other children during this family emergency. *See id.* Fourth, it appears Muñoz acted in good faith in filing his complaint only one day late (along with his motion for an extension). Accordingly, the Court will grant Muñoz's one-day extension and vacate its prior report and recommendation.

### B. Screening Muñoz's Amended Complaint (ECF No. 12)

Because Muñoz is proceeding *in forma pauperis*, the Court now screens his "amended complaint." Muñoz's "amended complaint" at ECF No. 12 is not an amended complaint but a brief attempting to establish federal subject matter jurisdiction. Because ECF No. 12 is not a complaint (containing alleged facts, claims under which Muñoz seeks to sue Defendants, and requests for relief), the Court will dismiss it with leave to amend.

To help Plaintiff file a properly formatted complaint, the Court now advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised that failure to comply with these rules when drafting and filing his amended complaint may result in this action being dismissed.

First, Plaintiff is advised that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to him and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint

must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). **Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.** Moreover, Plaintiff is encouraged to file his amended complaint on this Court's approved form, which the Clerk of Court will send Plaintiff.

Finally, the Court makes a few observations about Plaintiff's continued attempt to establish federal subject matter jurisdiction. Plaintiff has now conceded that diversity jurisdiction does not exist because there is not complete diversity of citizenship. ECF No. 12 at 2. As such, if Plaintiff files an amended complaint, he must establish how the Court has federal question jurisdiction. As the Court previously explained, federal question jurisdiction exists when the case arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. As such, if Plaintiff files an amended complaint, he must establish how the case arises under the Constitution, laws, or treaties of the United States.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Muñoz's request for an extension of time (ECF No. 13) is GRANTED.

1 **IT IS FURTHER ORDERED** that the Court's prior report and recommendation at ECF No. 9 is VACATED.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (ECF No. 12) is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a pro se form complaint.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint by March 1, 2021. Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Failure to comply with this order may result in a recommendation to the district judge that this case be dismissed.

DATED: February 1, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE