1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

\* \* \*

9

Jonathan Muñoz,

Case No. 2:20-cv-01412-GMN-BNW

10

Plaintiff,

11

v.

**ORDER re ECF No. 15**

12

U-Haul International, Inc., *et al.*,

13

Defendants.

14

15     Before the Court is Plaintiff Jonathan Muñoz's Third Amended Complaint. ECF No. 15.

16   This Court has provided Plaintiff several opportunities to establish jurisdiction. Having

17   determined that this Court does not have jurisdiction over these claims, the Court will dismiss the

18   complaint and allow Plaintiff one last chance to amend his complaint.

19   **I.     Background**

20     Mr. Muñoz originally filed a complaint under two Nevada statutes against U-Haul

21   International, Inc. ("U-Haul"), Storage at Summerlin Lake Mead ("Storage"), and Repwest

22   Insurance Company ("RIC"). ECF No. 1-1. He sought a declaration that the arbitration agreement

23   he entered into with U-Haul is unenforceable. *Id*. at 3. Mr. Muñoz also alleged that Defendants

24   misrepresented his insurance coverage and sought damages for stolen property, which is not

25   covered by Mr. Muñoz's insurance policy. *Id*. at 4-5.

26     Judge Navarro previously reviewed Mr. Muñoz's first complaint and found that this Court

27   appeared to lack jurisdiction. ECF No. 4. Judge Navarro noted that Mr. Muñoz alleged that the

28   Court has diversity jurisdiction, but he also alleged that there is not complete diversity of

citizenship between the parties. *Id*. This is so because Mr. Muñoz alleged that both he and
Defendant Storage are citizens of Nevada. *Id*. Judge Navarro ordered Mr. Muñoz to file a notice
explaining how this Court has subject matter jurisdiction or a notice of voluntary dismissal. *Id*.
Mr. Muñoz then filed an amended complaint to address subject matter jurisdiction. ECF No. 6.

In that amended complaint, he appeared to allege that the Court had both diversity
jurisdiction and federal question jurisdiction. *See id*. at 1. This Court screened that complaint (as
Mr. Muñoz is proceeding *in forma pauperis*) and found that he failed to establish either diversity
jurisdiction or federal question jurisdiction. ECF No. 7. Accordingly, the Court dismissed Mr.
Muñoz's complaint but gave him until November 13, 2020 to amend his complaint, if he could.
*Id*.

Mr. Muñoz did not amend his complaint by November 13, 2020. On December 9, 2020,
this Court issued a report and recommendation that this case be dismissed, as it appeared that Mr.
Muñoz had abandoned it. ECF No. 9. However, a few days later, Mr. Muñoz objected to the
report and recommendation, essentially stating that he did not receive the Court's order with the
November 13, 2020 deadline. *See* ECF No. 10. Accordingly, the Court issued another order,
stating that it would vacate its report and recommendation if Mr. Muñoz filed an amended
complaint by January 5, 2021. ECF No. 11.

On January 6, 2021, Mr. Muñoz filed a second amended complaint and a motion to extend
the deadline for him to file his amended complaint by one day. ECF Nos. 12, 13. The Court
granted the request for an extension but denied the second amended complaint with leave to
amend. In that order, the Court gave instructions for Plaintiff in the event he wished to amend his
complaint. The Court stated:

> Plaintiff has now conceded that diversity jurisdiction does not exist because there is not
> complete diversity of citizenship. ECF No. 12 at 2. As such, if Plaintiff files an amended
> complaint, he must establish how the Court has federal question jurisdiction. As the Court
> previously explained, federal question jurisdiction exists when the case arises under the
> Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. As such, if
> Plaintiff files an amended complaint, he must establish how the case arises under the
> Constitution, laws, or treaties of the United States.

ECF No. 14 at 4.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.     Third Amended Complaint

On March 1, 2021, Mr. Muñoz filed a third amended complaint (ECF No. 15), which the Court now screens as required by 28 U.S.C. § 1915(e)(2).

### A.     Diversity Jurisdiction

Mr. Muñoz did not allege diversity jurisdiction in his third amended complaint. In any event, the Court notes no such jurisdiction appears to exist. In his third amended complaint, Mr. Muñoz alleges he is a citizen of Nevada. ECF No. 15 at 2. Therefore, he is required to show that each defendant is a citizen outside of Nevada to establish diversity jurisdiction. Specifically, Mr. Muñoz must show that each defendant is incorporated outside of Nevada and has its principal place of business outside of Nevada because each defendant is a corporation. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). While Mr. Muñoz alleges that U-Haul and RIC are domiciled in Arizona, he fails to show that they are incorporated outside of Nevada and have their principal place of business outside of Nevada. *See* ECF No. 15 at 2-3. Furthermore, the address provided for Storage is in Nevada. *Id*. Previously, Plaintiff stated this was a Nevada entity. ECF No. 12 at 2. Thus, there is no complete diversity.

### B.     Federal Question Jurisdiction

Federal district courts have "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Mr. Muñoz's third amended complaint lists several statutes under Title 49 of the United States Code as a basis for federal jurisdiction. But he does not state how Defendants violated these specific laws, or how these laws apply to these Defendants. At bottom, Mr. Muñoz is alleging a breach of contract claim and requesting he not be subject to the arbitration clause. Yet, none of the statutes listed cover those claims.

As mentioned above, the Court will allow Mr. Muñoz one last chance to amend his complaint. If he chooses to do so, he must file an amended complaint by **January 31, 2022**. The Court advises him that if he files an amended complaint, the prior complaints will no longer serve any function in this case. This is because the Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a

party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Put another way, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

Finally, if Mr. Muñoz chooses to file an amended complaint, the Court will screen it in a separate Screening Order as required by 28 U.S.C. § 1915(e)(2).

## III.     CONCLUSION

**IT IS THEREFORE ORDERED** that the Clerk of Court shall file Plaintiff's Third Amended Complaint (ECF No. 15).

**IT IS FURTHER ORDERED** that the Third Amended Complaint (ECF No. 15) is **DISMISSED**, but with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff Jonathan Muñoz wishes to file an amended complaint, he must do so by **January 31, 2022**. If he chooses to file an amended complaint, he must write the words "Fourth Amended Complaint" in the caption. The amended complaint will be screened in a separate Screening Order. Additionally, the amended complaint must be a complete document in and of itself and will supersede the prior three complaints in their entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. A failure to file an amended complaint by this deadline will result in a recommendation that this case be dismissed.


DATED: December 25, 2021.


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE